# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1184
LT Case No. 2023-11414-CIDL

_____

DEANA CHRISTIE,

    Appellant,

    v.

PUBLIX SUPER MARKETS, INC.,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Randell H. Rowe, III, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville,
for Appellant.

Diane G. DeWolf and Nancy M. Wallace, of Akerman LLP,
Tallahassee, for Appellee.

July 17, 2026

JAY, C.J.

In this slip and fall case, Christie challenges the entry of summary judgment for Publix. Because there is a genuine dispute of material fact on Christie's constructive knowledge claim, we

reverse the summary judgment and remand for further proceedings.[1]

## I.

Deana Christie and her husband, James Wainwright ("Wainwright") were shopping separately at their local Publix. As they were walking toward each other in the water and soda aisle, Christie slipped and fell in a puddle of water. She recalled that a soda vendor and a Publix employee were nearby and ran to assist her. Christie described the puddle as a "big pile of water" that was "maybe 4 feet by 4 feet."

Wainwright didn't see anything on the floor before Christie fell. But he observed a float[2] in the aisle that was being used to restock jugs of water. After the fall, he noticed that water was "leaking" from the float. He testified that he saw water drops "all over" the floor, including drops down the water and soda aisle. Wainwright speculated that the leak was caused by a Publix employee who must have cut a jug while opening the case of water.

Before the accident, a Publix employee, Cohen Clatterbuck ("Clatterbuck"), "brought a float of water jugs . . . to the aisle." While stocking the shelves, he heard a noise, and when he turned around, he saw Christie on her back. Prior to the fall, he never saw water on the floor. In fact, Clatterbuck didn't know the floor was wet "until another customer pointed out 'little spots of water.'" He described the liquid as "drops of water. . . . [Not] like, a puddle or anything."

---

[1] We affirm, without further comment, the summary judgment on Christie's actual knowledge claim.

[2] In his deposition, Wainwright used the term "U-bolt" for float, seemingly in the place of the more common term, "U-boat." As recognized in the answer brief, "[f]rom the context of the discussion, a 'U-bolt' appears to be a cart or a float that an employee or vendor uses to move product from the back storage section out to the aisle where the product will then be stocked on the shelves."

He cleaned up the water with paper towels. He never saw water leaking from the float and didn't see water drops down the aisle.

Publix filed a motion for summary judgment arguing that Christie could not prove that Publix had actual or constructive notice of the liquid on the floor. The trial court granted the motion. This appeal followed.

II.

We review the trial court's order de novo. *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (5th DCA 2023). "To prevail on a motion for summary judgment, a movant must show that (1) 'there is no genuine dispute as to any material fact' and (2) 'the movant is entitled to judgment as a matter of law.'" *Id.* (citation omitted). "An issue of fact is 'material' if it would change the outcome of the litigation, and a dispute about a material fact is 'genuine' if the evidence is such that it could lead a reasonable factfinder to find for the non-moving party." *Davidson v. Sandestin Beach Hotel, Ltd.*, No. 5:24-CV-247, 2026 WL 1031014, at *3 (N.D. Fla. Apr. 9, 2026) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. "Our role is limited: we cannot weigh the evidence; rather, we can only conclude whether it is so one-sided that the result of any trial is inevitable." *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022).

"Negligence claims have four elements: duty, breach, causation, and damages." *Welch*, 357 So. 3d at 1278. "In actions arising from a plaintiff's slip and fall on a transitory substance in a business establishment, proof of the breach element is 'statutorily constrained' by section 768.0755, Florida Statutes." *Id.* (quoting *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017)). Section 768.0755 provides:

3

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

> (a) *The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition*; or

> (b) The condition occurred with regularity and was therefore foreseeable.

§ 768.0755(1), Fla. Stat. (emphasis added).

"It is rare . . . that there will be direct evidence of how long a substance was on the ground, and 'the mere presence' of the substance 'is not enough to establish constructive notice.'" *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023) (citation omitted). "So, in the absence of direct evidence, Florida law requires that the plaintiff introduce circumstantial evidence of 'additional facts' showing that . . . the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment." *Id.* at 1169–70 (citation omitted). "[C]ircumstantial evidence that sufficiently establishes the dangerous condition was present for a long enough period of time is enough," and if proven, the issue is one for the jury. *Id.* at 1172.

In cases involving large amounts of water on the floor, "evidence demonstrating the size of the puddle and the source of the water, viewed in the light most favorable to the Plaintiff, [can be] sufficient to support a reasonable inference that [the] dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to [the Defendant]." *Hernandez v. Walmart Stores, Inc.*, No. 21-CV-20861, 2022 WL 1642814, at *6 (S.D. Fla. Apr. 28, 2022); *see also Ellis v. Fam. Dollar Stores of Fla., LLC*, No. 6:21-CV-218, 2023 WL 3225048, at *3 (M.D. Fla. May 3, 2023) (holding that "a reasonable jury could find the

4

liquid—due to the size of the spill and the fact that it had permeated the cardboard box—had existed long enough for the Defendant to have constructive knowledge of the spill"); *Cosmo v. Carnival Corp.*, 272 F. Supp. 3d 1336, 1342 (S.D. Fla. 2017) ("Assuming, then, that the evidence establishes that the puddle formed as a result of swimmers dripping water, over time, as they exited the pool, a factfinder could conclude that the puddle's size is circumstantial evidence that the defect had existed for a sufficient period of time to put Carnival on notice of its existence."); *Erickson v. Carnival Cruise Lines, Inc.*, 649 So. 2d 942, 943 (Fla. 3d DCA 1995) ("We conclude that the source of the puddle (i.e. ceiling leak) as well as the size of the puddle were sufficient to create a jury question as to whether this hazardous condition existed for a sufficient period of time to charge appellee with constructive notice and to invite corrective measures.").

Moreover, "courts are more likely to find that a business had constructive notice when the business's employees were 'in the vicinity of where the fall occurred.'" *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1283 (Fla. S.D. 2021) (citation omitted). "That's because, with employees in the area, a jury can reasonably infer (at least where the condition is visible) that those employees *should have seen* the dangerous condition." *Id.* at 1283–84.

Here, viewing the evidence in a light most favorable to Christie, Christie created a jury question on her constructive knowledge claim. There was evidence that she slipped in a large puddle of water that was "maybe 4 feet by 4 feet." There was also evidence of a "leaking" float, and testimony about *water drops* down the water and soda aisle. Viewing these facts together, it is reasonable to infer "that [the] dangerous condition existed for such a length of time that in the exercise of [ordinary] care the condition [should] have been known to [Publix]." *Hernandez*, 2022 WL 1642814, at *6. Also, because Clatterbuck was in the immediate vicinity of the fall, "a jury [could] reasonably infer . . . that [Clatterbuck] should have seen the dangerous condition." *Torres*, 555 F. Supp. 3d at 1283 (emphasis omitted); *see Welch*, 357 So. 3d at 1279 (finding that a jury question on constructive notice was "reinforced by the presence of at least one CHLN employee stationed at the salad bar 'at all times'"); *see also Hernandez*, 2022 WL 1642814, at *6 ("The photographs do clearly show a significant amount of water, consistent with Plaintiff's

description that the puddle was approximately the amount of a bottle of water and Lungren's testimony that it was approximately one and a half square feet. And the undisputed evidence demonstrates that the water was leaking from the drain under the bunker, as opposed to spilled all at once, to form the large puddle. Thus, the record evidence regarding the source and size of the puddle does support the inference that the water was there (or the puddle formed) for such a length of time that Walmart should have noticed it.").

## III.

Based on the above analysis, we reverse the order granting summary judgment on the constructive notice claim and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

SOUD and BOATWRIGHT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____